FILED

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MAR 21 2016

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| XUEJIAN ZHAO,<br><br>Petitioner,<br><br>v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>Respondent. | No. 14-70051<br><br>Agency No. A089-778-533<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 15, 2016[**]

Before:      GOODWIN, LEAVY, and CHRISTEN, Circuit Judges.

Xuejian Zhao, a native and citizen of China, petitions for review of the

Board of Immigration Appeals' order dismissing his appeal from an immigration

judge's decision denying his application for asylum, withholding of removal, and

relief under the Convention Against Torture ("CAT").  We have jurisdiction under

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We deny the petition for review.

Zhao does not challenge the agency's dispositive finding that his asylum application was untimely. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not specifically raised and argued in a party's opening brief are waived). Thus, we deny the petition as to Zhao's asylum claim.

Substantial evidence supports the agency's adverse credibility determination based on inconsistencies between Zhao's testimony and his wife's letter as to when they lost their apartment. *See Shrestha*, 590 F.3d at 1048 (adverse credibility determination was reasonable under the REAL ID Act's totality of the circumstances standard). In the absence of credible testimony, Zhao's withholding of removal claim fails. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Substantial evidence also supports the agency's denial of Zhao's CAT claim because it is based on the same evidence found not credible and he does not point to any other evidence that compels the finding that it is more likely than not that he

would be tortured by or with the consent or acquiescence of the government if returned to China. *See Shrestha*, 590 F.3d at 1048-49.

**PETITION FOR REVIEW DENIED.**